UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

PATRICK MORANT,

                              Plaintiff,

         -against-

THE CITY OF NEW YORK, DETECTIVE MARTIN,
POLICE OFFICERS JOHN DOES 1-2,

                              Defendants.

------------------------------------------------------------------------ x

**ECF CASE**

**COMPLAINT**

08 CV 00007 (DLC)

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.    This is a civil rights action, brought pursuant to 42 U.S.C. § 1983, alleging misconduct by the City of New York and three of its police officers. Plaintiff alleges that, on October 19, 2007, three police officers subjected him to false arrest, false imprisonment, assault, battery, and fabrication of evidence in violation of the Fourth, Sixth and Fourteenth Amendments to the Constitution and New York common law. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.    Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claims of false arrest, false imprisonment, assault, battery, and negligent hiring, training, supervision, and retention. With respect to these state law

claims, a notice of claim was duly filed on the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claims.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiff's constitutional rights and negligence occurred in Manhattan at police headquarters located at One Police Plaza and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

## PARTIES

5. Plaintiff is a resident of the State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Detective Martin is a member of the New York City Police Department ("NYPD") who was involved in the arrest of plaintiff and the torts arising out of plaintiff's arrest on or about October 19, 2007. Detective Martin is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers.

8. Police Officers John Does 1-2 are members of the NYPD who were involved in the arrest of plaintiff and the torts arising out of plaintiff's arrest on or about October 19, 2007. John Does 1-2 are liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of their fellow officers.

**STATEMENT OF FACTS**

9. On October 19, 2007, at approximately 6:45 p.m., plaintiff exited a grocery store located on the corner of Flatbush and Ditmas Avenues in Brooklyn, New York.

10. When plaintiff reached the corner of 23rd Street and Ditmas Avenue, Detective Martin and a second Detective stopped, seized and searched plaintiff without legal justification.

11. The Detectives did not find any illegal contraband on plaintiff, did not observe plaintiff engage in illegal activity, and did not receive a report that plaintiff had violated the law.

12. Nevertheless, the two Detectives, along with a Police Sergeant whose last name may be "DeMarco," arrested plaintiff.

13. Plaintiff was subsequently brought to the 70th Precinct for arrest processing.

14. Several hours later, the police took plaintiff to Brooklyn Central Booking to await arraignment.

15. While plaintiff was confined in Central Booking, Detective Martin and the two other officers, with malice, caused false information to be conveyed to prosecutors with the goal of having plaintiff prosecuted.

16. On October 20, 2007, at approximately 5:00 p.m., plaintiff was released from Central Booking because the District Attorney's Office declined prosecution.

17. As a result of the foregoing, plaintiff suffered emotional distress, mental anguish, fear, embarrassment, humiliation, discomfort, loss of liberty from October 19, 2007 to October 20, 2007, and damage to reputation.

**PLAINTIFF'S FEDERAL CLAIMS AGAINST**
**DETECTIVE MARTIN AND JOHN DOES 1-2**

18. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-17 as if fully set forth herein.

19. The conduct of Detective Martin and John Does 1 and 2, as described herein, amounted to false arrest, false imprisonment and fabrication of evidence in violation of 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

**PLAINTIFF'S FEDERAL CLAIM AGAINST**
**THE CITY OF NEW YORK**

20. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-19 as if fully set forth herein.

21. The City of New York directly caused the constitutional violations suffered by plaintiff.

22. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that many of its police officers, including the officers involved in the present case, are unfit officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

23. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

### PLAINTIFF'S STATE LAW LAIMS AGAINST DETECTIVE MARTIN AND JOHN DOES 1 AND 2

24. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-23 as if fully set forth herein.

25. The conduct of Detective Martin and John Does 1 and 2, as described herein, amounted to false arrest, false imprisonment, assault, and battery in violation of New York state law.

### PLAINTIFF'S STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK

26. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-25 as if fully set forth herein.

27. Because the police officers involved in the present case were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for the false arrest, false imprisonment, assault, and battery of plaintiff.

28. Further, the City of New York is liable under state law because, as explained in ¶ 22, it negligently hired, trained, supervised, and retained Detective Martin and John Does 1 and 2.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

      b.      Punitive damages in an amount to be determined by a jury;

      c.      Costs, interest and attorney's fees;

      d.      Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    December 23, 2007
                Brooklyn, New York

                                CARDINALE & MARINELLI
                                26 Court Street, Suite 1815
                                Brooklyn, New York 11242
                                (718) 624-9391

                                By:

                                s/
                                _____
                                RICHARD J. CARDINALE (RC-8507)