UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

PATRICK MORANT,

                                                Plaintiffs,

               -against-

THE CITY OF NEW YORK, DETECTIVE MARTIN,
POLICE OFFICERS JOHN DOES 1 & 2,

                                                 Defendants.

**ANSWER**

08-cv-00007 (DLC)(DCF)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendant City of New York,[1] by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows.

        1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action and invoke the jurisdiction of the Court as stated therein.

        3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke supplemental jurisdiction of the Court and base venue as stated therein and admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about November 30, 2007 and the claim has not been adjusted or paid.

---

[1] Upon information and belief, a review of the docket sheet indicates that the individual identified in the caption of the complaint as "Detective Martin" has not been served with a copy of the summons and complaint in this matter.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Admits the allegations in paragraph "6" of the complaint.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that plaintiff purports to sue "Detective Martin" in his individual capacity as stated therein.

8. Denies the allegations set forth in paragraph "8" of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies the allegations set forth in paragraph "10" of the complaint.

11. Denies the allegations set forth in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admits that on October 19, 2007, plaintiff was arrested.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint, except admits that on October 20, 2007, the District Attorney's Office declined to prosecute plaintiff.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. In response to the allegations set forth in paragraph "18" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "17" of this answer as if fully set forth herein.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "19" of this answer as if fully set forth herein.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "23" of this answer as if fully set forth herein.

25. Denies the allegations set forth in paragraph "25" of the complaint

26. In response to the allegations set forth in paragraph "26" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "25" of this answer as if fully set forth herein.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

- 4 -

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

29. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

30. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

31. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

32. Plaintiff provoked any incident.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

33. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendant.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

34. Plaintiff may have failed to comply with the conditions precedent to suit.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

35. Punitive damages cannot be assessed against the City of New York.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

36. There was probable cause for plaintiff's arrest, detention and prosecution.

WHEREFORE, defendant requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           March 20, 2008

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the
                            City of New York
                          Attorney for Defendant
                          100 Church Street
                          New York, New York 10007
                          (212) 676-1347

By:    /s/
       Brooke Birnbaum (BB 8338)
       Assistant Corporation Counsel
       Special Federal Litigation Division

To:    Mr. Richard Cardinale, Esq.  (via ECF)

Index No. 08-cv-00007 (DLC)(DCF)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| PATRICK MORANT,<br><br>                                                                          Plaintiffs,<br><br>                              -against-<br><br>THE CITY OF NEW YORK, DETECTIVE MARTIN,<br>POLICE OFFICERS JOHN DOES 1 & 2,<br><br>                                                                          Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>   *Attorney for Defendants*<br>   *100 Church Street*<br>   *New York, New York  10007*<br><br>   *Of Counsel:  Brooke Birnbaum*<br>   *Tel:  (212) 676-1347*<br>       *NYCLIS No.* |
| *Due and timely service is hereby admitsted.*<br><br>*New York, N.Y. ............................................................ , 200..*<br><br>*..................................................................................... Esq.*<br><br>*Attorney for ..............................................................................* |